IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| **ROBERT R. EPPS** | : | Bankruptcy No. **16-24151-JAD** |
| | : | |
| *Debtor,* | : | Related to Doc. No. |
| ================================ | : | |
| **ROBERT R. EPPS** | : | Hearing Date and Time: |
| | : | |
| *Movant,* | : | |
| vs. | : | |
| **CITIMORTGAGE, INC.,** | : | |
| *Respondent* | : | |

## ORDER SUBSTITUTING LMP SERVICER

On 12/14/2016 the above named Debtor(s) filed a *Motion for Loss Mitigation* upon which the Court entered a *Loss Mitigation Order* dated 12/18/2016, at Document No. 25, naming CITIMORTGAGE, INC. ("Former Servicer") as the Party responsible for representing the creditor in the LMP and setting forth certain deadlines for the then named Respondent.

Subsequent to entry of the above-referenced Order, the Debtor(s) was notified that the Former Servicer changed and that the current Servicer/Lender is MIDFIRST BANK with an address of Bankruptcy Department, 999 N.W. Grand Boulevard, #110, Oklahome City, OK 73118-6077 ("Current Servicer"). On 9/11/2017, the Debtor complied with all its obligations to properly designate the Current Servicer on the LMP Portal and now it is incumbent on the Court to relieve the Former Servicer from any further responsibilities under the current *Loss Mitigation Order* and formally transfer those duties, responsibilities and obligations to the Current Servicer.

PAWB Local Form 46 (04/14)                                                                                                      Page 1 of 2

*AND NOW,* this _____ of _____, *2017*, for the foregoing reasons it is hereby **ORDERED**, **ADJUDGED and DECREED** that:

(1) **CITIMORTGAGE, INC.** is relieved from any further responsibility pursuant to the *Loss Mitigation Order* referred to above and that *Order* is **VACATED** as to it.

(2) **MIDFIRST BANK** is now designated as the Current Servicer responsible for completion of all LMP duties, responsibilities and obligations previously imposed on the Former Servicer referred to in Paragraph 1, above. The Current Servicer is now fully responsible for compliance with all LMP requirements as if originally designated in the *Loss Mitigation Order* in the first instance.

(3) Within three (3) days of entry of this *Order*, the party filing this proposed order shall upload this signed *Order* on the LMP Portal and serve this *Order* electronically on the Chapter 13 Trustee at the following email address: **LMP@chapter13trusteewdpa.com.** The Debtor shall not be entitled to rely on CM/ECF or United States Mail for service of this *Order* on the Chapter 13 Trustee. The Debtor(s) Certificate of Service shall reflect service upon the above identified email address.

(4) The Chapter 13 Trustee is authorized and directed to make payments to the MIDFIRST BANK, beginning with the next distribution date that is not less than ten (10) days from service of this *Order* upon the Chapter 13 Trustee.

_____
UNITED STATES BANKRUPTCY JUDGE

Case administrator to serve:
    Debtor(s)
    Counsel for Debtor(s)
    Ronda J. Winnecour, Esq. Ch 13 Trustee
    [Counsel for Creditor]